The opinion of the Court was delivered by
Bermudez,- C. J.
This is a contest over the residue of the proceeds of certain real estate sold at sheriff’s sale, under executory process.
After paying the plaintiff, who was the seizing creditor, there remained a balance of $1,823.88, which Godchaux, the purchaser, retained in his possession, claiming to be entitled to it, as the mortgage creditor next in rank.
A. M. Boyd, pretending to have a mortgage anterior to Godchaux’, the validity of which he does not dispute, took a rule to have said balance paid to him.
From a judgment in favor of Boyd, Godchaux has appealed.
The act upon which Boyd rests his claim and which he qualifies a “ mortgage," was passed in the Parish of St. James, and was recorded in the mortgage book. It is termed, in the body of it, a “ trust conveyance,” or deed of trust in fee simple. It declares substantially, that for the consideration of ten dollars, and for the securing of a sum of $29,950, evidenced by notes, Anderson grants, bargains, sells and conveys unto A. M. Boyd, trustee, the property in question ; that when the, debt shall have been paid, the deed will be void, and should there be a failure to pay, the trustee is to have the property sold, and is to satisfy the debt and to pay over to Anderson what balance might *798 thereafter remain. It is not in the form in which acts of mortgage are usually drawn up in this State.
The act on which Godchaux relies is unmistakably an act of mortgage executed as is customary for such acts to be. It is clearly intended to secure the payment óf a sum of money due him, he, the creditor, in case of non-payment, to have the right to proceed judicially to the seizure and sale of it for the satisfaction- of his claim. It is dated July 28th, 1877, and was duly recorded in the proper mortgage book on the same day.
It is certain that, under the jurisprudence, had the act of Boyd been passed cntf of this State, between parties residing therein, relative to real estate in this State, it. could be recognized and enforced, but only between them, as a contract intended to secure the payment of a debt. In such a case, the intention of the parties, inter se, would be ascertainable beyond the act, and deducible from the fact of their residence at the place where such an act would be treated as, a mortgage act, because the form of written instruments is governed by the law and usages of the place where they are passed. As between them, effect could be given to such acts accordingly, at the place where they were, designed to be executed, or carried out; but this could not take place so as to affect third persons who could not be held to be bound by notice, unless such acts, designed to convey knowledge, were drawn in legal form and couched in clear language, unmistakably expressive, of their substance and object, under the laws and customs of this State.
The authorities relied upon, on behalf of the plaintiff in rule, are cases in which differences arose between the parties or privies to such acts, and lia-ve no bearing upon a case like the present one, in which a third person is sought to be affected by the form and substance of the act in question, recorded, as it was, long previous to Godchaux’.
The acts in those cases were given the effect which they received, not from what they expressed on their face, but from the evidence adduced on the trial of the parties, to show the intention which they had when they entered into the contract. In those cases the parties suing were generally persons seeking to acquire title to the thing as owners, but on evidence by the other parties, the. Court never held that the act was a mortgage, but merely declared that it was a security, and that the debtor or vendor, before he could recover, would have to pay the vendee or creditor the amount due him.
This is, indeed, the first instance of this description which ever was submitted to this Court for determination, on a question of mortgage affecting third persons.
We do not hesitate to declare that as this nondescript act does not *799 indicate its character and does-not clearly-purport on its face to be a mortgage, third persons are not bound to ascertain its nature, object and purport, by analyzing its features by systems of reasoning which do not, with certainty, conduce to the conclusion that it is an act of mortgage. It is easier to say what the act is not, than to say what it is. Whatever contract it was intended to evidence, it surely cannot be claimed that it is 'expressive of a mortgage given by Anderson to Boyd, susceptible of affecting third persons, although it might be entitled to be considered as a security- between the parties. 14 A. 845 ; 18 A. 732; 12 A. 529; 23 A. 281, 665 ; 16 A. 12.
Parties contracting in this State are required, in all their transactions affecting immovables situated therein, conferring or divesting real rights in and to such property, to comply with the forms prescribed by the local law and usages and to announce distinctly, to avoid surprise, the purpose of the instrument which is made the depository of their intentions and contract; otherwise, third persons, sought to be affected thereby, will not be concluded. Index animi verbo.
Reasonable doubt as to the true character of an act will always protect effectually third parties from the operation of the same.
It is, therefore, ordered and decreed, that the judgment appealed from be reversed, and it is now ordered, adjudged aud decreed, that the rule taken by A. M. Boyd, for. the payment of the residue of the sale to him, be reversed, and that Leon G-odohaux be recognized as entitled to apply said sum to the satisfaction in part of his mortgage claim in the premises.
It is further ordered, that appellee pay costs in both courts.
Mr.- Justice Poché recuses himself.
Mr. Justice Todd dissents.
In this case, Mr. Justice Poché having recused himself, and Mr. Justice Levy being absent, and the remaining justices failing to agree, his Honor, A. L. Tissot, Judge of the Civil District Court, Division A, for the Parish of Orleans, having been called upon to participate in the deliberation on the petition for a rehearing, and having done so, took his seat on the Bench in the stead of Mr. Justice Poché, recused, under Article 85 of the Constitution, whereupon Mr. Justice Eenner delivered tlie opinion of the Court, the Chief Justice and his Honor Judge Tissot concurring, which decree is in the words and figures following :